IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

KEVIN FARMER,                  )
                               )
            Plaintiff,         )
                               )
     v.                        )     No.  10 C 4919
                               )
HONORABLE VERNA ADAMS,         )
et al.,                        )
                               )
            Defendants.        )

                  MEMORANDUM OPINION AND ORDER

     Kevin Farmer ("Farmer") has tendered a bulky Complaint and

attached exhibits[1] captioned "Writ of Mandamus and Request for

Expedited Order(s)," brought against three California judges and

seeking to invoke 42 U.S.C. §1983 ("Section 1983") on the ground

that their judicial rulings have violated Farmer's constitutional

rights.  Farmer has accompanied the Complaint with an In Forma

Pauperis Application ("Application"), using the form provided by

this District Court's Clerk's Office for use by pro se

litigants.[2]

     It is unnecessary to determine whether Farmer qualifies for

in forma pauperis status under 28 U.S.C. §1915 in purely

financial terms (something that seems questionable from the

---

    [1]  Farmer's Complaint, which plainly does not comply with
the requirements of Fed. R. Civ. P. ("Rule") 8(a), sets out an
extended narrative occupying some 25 pages, while the attachments
comprise 23 exhibits with an aggregate thickness of 1-1/2 inches.

    [2]  On August 6, the day after Farmer's initial filing of the
Complaint and Application, he tendered an Amended Application
because he had found the earlier one contained some mistakes.

numbers that Farmer has declared to be accurate in the Amended Application), for it has been established law for nearly 30 years that a prospective in forma pauperis applicant must also advance a claim or claims that is or are nonfrivolous in the legal sense (see, e.g., Lucien v. Roegner, 682 F.2d 625, 626 (7th Cir. 1982)). And in this instance Farmer flunks that standard by so wide a margin that the result is not only the denial of the Application but the dismissal of this action itself.

To begin with, it is highly doubtful (perhaps an understatement) that even a disgruntled litigant such as Farmer, anxious to lash out at those he views as having "done him wrong," can seriously believe that he can hale his three California judicial targets into court here in Illinois. But this opinion can also prescind consideration of that issue of jurisdiction in personam, even if it alone might render legally frivolous Farmer's effort to sue those defendants here, because other grounds establish frivolousness as a legal certainty.

Here is how Farmer has described his litigation goals at page 2 of the Complaint:

> Farmer is seeking and [sic] expedited order to vacate all Judgment(s), Order(s), Letter(s) of Administration (Harrison), Option to Purchase, and Fee Award(s) entered against Farmer, Farmer-Marks, and Farmer-Jones; as well as the estate of Katherine McCulley. In addition, Farmer is seeking an order for punitive and compensatory damages; as well as damages to the estate of Katherine McCulley in result of the County of Marin Officials intentional violation of. [sic]

Because it is firmly established that judges who act in their judicial capacity--the very conduct that Farmer complains about--are absolutely immune from Section 1983 damages liability (see, e.g., the seminal decisions in Stump v. Sparkman, 435 U.S. 349 (1978) and Mireles v. Waco, 502 U.S. 9 (1991)(per curiam), which have been followed innumerable times since then). This opinion, then, can focus its sights on the first sentence of Farmer's above-quoted statement.

On that score the Rooker-Feldman doctrine precludes this Court from taking a collateral shot at the state court judgments about which Farmer complains. As already indicated, Farmer's attempt to take an end run here around whatever remedies he might have in the California court system under California law (or perhaps to escape whatever limitations may exist to such relief under California law) mark this lawsuit as hopelessly frivolous.

Accordingly the Application is denied. And because Farmer's payment of the $350 filing fee would not cure the incurable defects set out here, this Court sua sponte dismisses this action itself.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 9, 2010